NOONAN, Circuit Judge,
concurring:
There is such a thing as “cause in fact,” that is, an event that, not necessarily alone, brings about a given result. A “but for” cause is cause in fact. A “legal cause” is a cause in fact that is recognized in law as creating liability. A “proximate cause” is a legal cause. What turns cause in fact into a legal cause is a value judgment that the cause in fact creates an unacceptable risk of injury to a protected interest. What is an unacceptable risk and what is to be protected depend on the values of the society.
As Cardozo’s famous opinion in Palsgraf makes clear, that is how causation is often considered in the law of negligence. Antitrust law, apparently, still offers “proximate” as if it provided something more than a label for a judgment that the conduct in question is foreseeably harmful to a social interest worthy of protection.
In the instant case, it would seem that reasonably prudent persons in the position of the defendants would see that their actions setting prices in the United States would negatively affect customers in the United States and elsewhere. But it has been the judgment of Congress and the Supreme Court that the economic interests of consumers outside the United States are normally not something that American law is intended to protect. Hence it is difficult to persuade a court that injury to foreign consumers has been “caused” by price-fixing in the United States. It’s so difficult that amendment of the complaint becomes futile and jurisdiction itself is found not to exist. We reach this vanishing point not from guidance in words like “proximate” or “direct” but from a strong sense that the protection of consumers in another country is normally the business of that country. Location, not logic, keeps Centerprise’s claim out of court.